UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                 Case No.: 22-20070

v.                                 Honorable Gershwin A. Drain

CORNELIUS MANNS,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF DETENTION[#22]

## I.  INTRODUCTION

Presently before the Court is the Defendant Cornelius Manns' Motion for Revocation of Detention Order, filed on March 16, 2022.  The Government filed a Response opposing Defendant's requested relief on April 18, 2022.  Defendant filed a reply brief on May 4, 2022.  A hearing on Defendant's present motion was held on May 25, 2022.  For the reasons that follow, the Court will deny Defendant's Motion for Revocation of Detention Order.

## I.  FACTUAL BACKGROUND

Defendant is charged in a one count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  On February 18, 2022, Defendant appeared for an arraignment and detention hearing before

Magistrate Judge Anthony P. Patti.  *See* ECF No. 23.  The Government moved for detention arguing there was no condition or combination of conditions that will reasonably assure the safety of the community if Defendant were released pending trial.  The Government submitted a written proffer in support of detention. *See* ECF No. 10.  Prior to the hearing, pretrial services conducted an interview of the Defendant and spoke with his wife and mother.  Pretrial services prepared a report and recommended bond with the imposition of conditions.

At the hearing, Magistrate Judge Patti concluded that there were no conditions or combination of conditions that can reasonably assure the safety of the community if Defendant were released pending trial.  Magistrate Judge Patti carefully analyzed the § 3142 factors.  Of particular concern to Magistrate Judge Patti was the evidence supporting the fact that Defendant is purchasing weapons "from the streets" with such ease that Defendant even forgot about one of the firearms recovered from his residence.   ECF No. 23, PageID.127.  Magistrate Judge Patti further noted that prior bond conditions did nothing to deter Defendant from engaging in the type of behavior for which he is now charged.  *Id*.  Magistrate Judge Patti determined that Defendant was "not only a significant danger to the public," but also a "very significant danger" to his wife and children considering his proclivity for substance abuse, as well as the reckless manner within which he obtains and stores firearms in the home.  *Id*.

2

The facts giving rise to the Indictment stemmed from an ATF officer's review of a shot-spotter report for five gunshots fired from a residence on Faust Avenue on November 26, 2021. Officers later recovered two spent cartridge casings outside of the Faust residence.  The investigating ATF officer discovered that one of the residents at the Faust residence was Defendant, a convicted felon. Two weeks after reviewing the shot-spotter report, law enforcement officers obtained a search warrant to search the Faust residence.  Police officers from the ATF and the Detroit Police Department executed the warrant two days later, on December 15, 2021.

When the officers searched the Faust premises, Defendant was the sole occupant.  During the search, numerous rounds of assorted ammunition was recovered from the upstairs of the residence.  Downstairs, the officers discovered a Smith and Wesson .38 caliber revolver in a plastic bag under a couch cushion.  In a cupboard underneath the stairs, they recovered three more firearms: (1) a loaded Bersa BP9cc 9 mm caliber semi-automatic pistol, (2) a Smith and Wesson M&P Shield .380 caliber semi-automatic firearm, and (3) a loaded FN 503 9 mm caliber pistol.  They also found two plastic baggies containing white powdery substances suspected to be cocaine.

During subsequent interviews with officers, Defendant admitted to living at the residence with his wife and minor children, ages 13 and 6.  He further stated

that he had purchased three of the recovered firearms "from the streets" and acknowledged weekly use of cocaine.

Defendant is a lifelong resident of this district.  He is thirty-eight, married and has four children.  He is close with his mother and siblings, who are also residents in this district.  From June of 2021 through the date he was detained pending trial, Defendant had been working as a production operator at Pepsi Cola, located in Detroit, Michigan.  Defendant has a history of using marijuana on a daily basis, cocaine on a weekly basis and alcohol use that may be excessive at times.

Defendant has two prior felony convictions.  In 2007, at the age of twenty-two, Defendant was convicted of cocaine possession, less than 25 grams, after entry of a guilty plea and sentenced to a two-year term of probation.  In 2009, Defendant was convicted of being a felon in possession of a weapon in violation of MICH. COMP. LAWS § 750.224F and sentenced to a one-to-five year term of imprisonment.

In 2017, Defendant was charged with domestic violence.  The facts of the underlying incident are troubling. In October 2017, Redford Police responded to a 911 call and were dispatched to a home. Upon arrival, they met the victim—Defendant's wife—who was outside with her and Defendant's daughter. She told police that she and Defendant had been fighting and she wanted him to leave. A

4

police officer noted that the right side of her face was swollen and very red. Though Defendant's wife initially didn't want to name Defendant as the person who caused her injuries, she eventually did and spoke to the responding officer about the incident.  The charges were later dropped when the Defendant and his wife reconciled.

### III. LAW & ANALYSIS

#### A.  The Bail Reform Act

Generally, in order for a defendant to be detained pending trial, the government must establish the (1) "risk of flight by a preponderance of the evidence" or (2) "dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). Pre-trial detention shall be ordered only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

The burden of persuading the judicial officer of dangerousness at a detention hearing lies with the Government. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).  At this stage, the Rules of Evidence do not apply, *see* 18 U.S.C. § 3142(f); *United States v. El-Hague*, 213 F.3d 74, 82 (2d Cir. 2000), and the parties can proceed by proffer. *Stone*, 608 F.3d at 948–49 (explaining that conducting a

bail hearing by proffer is acceptable under the law); *United States v. Webb*, 238 F.3d 426 (table), 2000 WL 1721060, at *2 (6th Cir. 2000) ("[T]he government may proceed in a detention hearing by proffer or hearsay.").

The "default position of the law . . . is that a defendant should be released pending trial." *Stone*, 608 F.3d at 948–49. In determining whether there are conditions which will reasonably assure the appearance of the person and the safety of the community, the district court must make findings based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g).

### B. Defendant's Motion

In his present motion, Defendant argues he is not a danger and offers a third-party custodian to provide him with a place to reside, and who will ensure he complies with the conditions the Court imposes. Defendant asserts his third-party custodian has no criminal history, is gainfully employed and does not possess or keep any weapons or illegal contraband in the residence. Defendant further argues that his proffered third-party custodian's home has not been identified in any of the alleged criminal activities in this case.

The Government counters that the Defendant should remain in custody pending trial so that the Government can ensure the safety of the community until Defendant is tried. The Government argues Defendant's third-party custodian cannot redress the concerns raised by Magistrate Judge Patti concerning Defendant's ease of access to weapons "from the streets," and alleged proclivity toward possessing firearms he is fully aware he is not permitted to possess. The Government maintains that Defendant is dangerous because he plays fast and loose with firearms–leaving loaded firearms unlocked and accessible to minor children– and has a history of violent behavior particularly if he is under the influence of substances.

This factor weighs in favor of detention.

### C.    Nature and Characteristics of the Charged Offense

The nature and circumstances of the offense are unquestionably serious. The Indictment alleges that Defendant possessed four firearms as a convicted felon. Further, two of these were loaded with ammunition in the chamber, and a third had ammunition in the magazine. These guns were all ready to be used.

Moreover, one firearm (the FN 503 pistol) was reported stolen, and its casings matched the casings that the shot spotter units discovered outside the Faust Residence when they investigated the area. This supports that Defendant bought this gun illegally "off the streets" and used it. Beyond these facts, the Smith and

Wesson .38 caliber revolver was recovered under a couch cushion in the basement—not locked, concealed, or removed from the children's access.

### D.    The Weight of the Evidence

The second factor the Court must consider is the weight of the evidence against Defendant. 18 U.S.C. § 3142(g)(2). "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948.

The weight of the evidence of Defendant's dangerousness is great. Defendant's haphazard way of storing firearms, Defendant's purchase of the firearms "off the streets," the fact that the FN 503's casings matched those recently recovered outside the Faust Residence, and the fact that multiple of these firearms were loaded, all support a finding that the weight of the evidence of dangerousness is strong.

### E.    History and Characteristics of the Defendant

The third factor requires that the Court review the history and characteristics of the Defendant, which are statutorily separated into two categories. The first category examines the Defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings."

18 U.S.C. § 3142(g)(3)(A). The second category asks "whether, at the time of the current offense or arrest, [Defendant] was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3)(B).

Defendant is 38 years old. His criminal history shows escalating criminal conduct and a history of violating release conditions. For example, after incurring a controlled substance misdemeanor in 2006, Defendant incurred his first state felony charge in 2007 for possessing controlled substances. As part of his sentence for this offense, the court revoked his probation, and he was sentenced to 90 days' incarceration. The probationer's description of Defendant's violation of probation from that time reflects that Defendant's adjustment to probation was poor, and that Defendant made little to no effort to comply with his release conditions. It also indicates that there were outstanding warrants pending against Defendant at that time. The probation officer thus concluded that Defendant was not suitable to community supervision.

In 2009, Defendant incurred a more serious felony—this time for unlawfully possessing weapons, which again led to him violating the probation conditions from his previous offense. It is notable that Defendant's second offense was for illegally possessing firearms, a conviction that should have deterred him from engaging in the same conduct again.  Defendant has a history of guns, drugs, and

violence—including being violent against a loved one. He also violates his conditions of release. Further, he has a self-professed history of using illegal drugs whilst living in a home with young children. Most relevant to the charges in this case, Defendant was found with a large number of loaded, easily accessible firearms, knowing full well that he wasn't supposed to possess them. His link to the shot spotter detection of shots from his home is a permissible fact for this court to consider in assessing whether and how Defendant may have been using the firearms he possessed.  This factor likewise weighs in favor of detention.

### E.    The Nature and Seriousness of the Danger Posed by Defendant's Release

The fourth and final factor demands that the Court consider "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." 18 U.S.C. § 3142(g)(4).  For all of the reasons explained above, this factor weighs in favor of detention.   Defendant has shown a pattern of disregard for the law.  Therefore, the Court finds that the Government has shown by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community.

## IV.    CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion for Revocation of Order of Detention [#22] is DENIED.

SO ORDERED.

Dated: June 16, 2022                              /s/Gershwin A. Drain
                                                  GERSHWIN A. DRAIN
                                                  United States District Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
June 16, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager